# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VIRGINIA GREEN,

  *Plaintiff,*

vs.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

  *Defendants.*

Case No. 15-1288-EFM-KGG

## MEMORANDUM AND ORDER

  Plaintiff Virginia Green seeks underinsured motorist benefits from her insurer, Defendant American Family Mutual Insurance Company ("American Family"). Before the Court is American Family's motion to dismiss Green's complaint for failure to state a claim upon which relief may be granted (Doc. 6). Because Green's complaint does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, the Court dismisses her complaint without prejudice.

### I.  Factual and Procedural Background[1]

  Virginia Green and her husband are insured by American Family and have policies on two vehicles. The most bodily injury ("BI") liability coverage they have is $250,000 per person.

---

[1] The facts are taken from Green's Complaint, as well as the exhibits attached thereto, and are accepted as true for purposes of this ruling.

The most underinsured motorist ("UIM") coverage they have is $100,000 per person. The Greens were never informed that Kansas law entitled them to have UIM coverage equal to the amount of their BI liability. And the Greens never rejected such UIM coverage. In 2000, when the Greens applied for insurance through American Family, they filled out an application that did not contain an express rejection of UIM coverage equal to the amount of BI coverage.

In December 2014, Earl Childs negligently rear-ended a car occupied by Green. She suffered various and extensive injuries. She was hospitalized and has borne medical expenses and economic loss. Childs was insured for $100,000, and Green recovered the full amount from Childs' insurer.

Green now brings suit against American Family seeking UIM benefits arising from the 2014 accident. For various reasons, she claims she is entitled UIM benefits in the amount of her BI limits. She also seeks attorney's fees and punitive damages. American Family now moves to dismiss Green's complaint for failure to state a claim upon which relief can be granted.

## II.   Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such a motion, the Court must decide "whether the complaint contains enough facts to state a claim to relief that is plausible on its face."[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with

---

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

fair notice of the nature of claims as well as the grounds on which each claim rests.[4] The Court must accept all of the factual allegations in the complaint as true.[5] But the Court need not afford such a presumption to legal conclusions.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."[7]

### III. Analysis

When faced with a 12(b)(6) motion, the Court must examine each claim that the defendant moves to dismiss. Here, American Family does not specifically enumerate which of Green's claims should be dismissed; it simply moves for dismissal of the entire complaint.[8] Perhaps this is because American Family was unable to perceive with any clarity the discrete claims in Green's complaint. The Court had the same problem.

Rule 8(a)(2) dictates that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Inherent in Rule 8 is the requirement that claims "be stated with brevity, conciseness, and *clarity*."[9] A complaint has two purposes. It

---

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *Id.*

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

[8] American Family notes that "Plaintiff alleges various causes of action including negligence, breach of good faith and fair dealing, vexatious refusal, unjust enrichment, estoppel, and punitive damages." Although American Family does not attempt to identify the extent of Green's various claims, it argues that at best, she states only two plausible claims.

[9] 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215, 165 (3d ed. 2004) (emphasis added).

must give the opposing party notice of the basis of the claims against it.[10]  And it must inform the Court of sufficient allegations so the Court may conclude whether the claimant has a legal right to relief.[11]

Green's complaint briefly refers to numerous causes of action.[12]  But the complaint lacks structure, and none of these claims are stated with any manner of clarity.  The complaint does not divide claims into separate counts or employ any kind of helpful organization.  Before meaningfully examining Green's claims, the Court would first have to identify and articulate each one of them.  And it is not the Court's "job to stitch together cognizable claims for relief" from a deficient pleading.[13]  While there may be meritorious claims in the complaint, they are inextricably intertwined with other vague claims.   If the Court is unable to grasp the nature and extent of Green's claims from the face of her complaint, it follows that the Defendant was not given proper notice of the specific claims against it as required by Rule 8.[14]  In brief, Green's complaint does not plainly and concisely state the claims asserted; accordingly, it fails to meet the standards of Rule 8.[15]

---

[10] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

[11] *Id.*

[12] The complaint makes passing mention of negligence, loss of consortium, the implied duty of good faith and fair dealing, contractual claims, estoppel, unjust enrichment, punitive damages, and attorney's fees.

[13] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also Chavez v. Huerfano Cty.*, 195 F. App'x 728, 730 (10th Cir. 2006) ("It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case.").

[14] *Monument Builders*, 891 F.2d at 1480 (noting that one purpose of the complaint is "to give opposing parties fair notice of the basis of the claim.").

[15] *Walton v. Shanelec*, 19 F. Supp.2d 1209, 1210 (D. Kan. 1998) (citing *Betts v. Allied Cementing Co.*, 1989 WL 118509 (D. Kan. 1989)).

Because Green's complaint does not meet the requirements of Rule 8, American Family's motion to dismiss is granted. But the Court notes that this dismissal is without prejudice. Green is granted leave to file an amended complaint that complies with Rule 8(a)(2) within 14 days of this order.[16]

**IT IS THEREFORE ORDERED** that American Family's Motion to Dismiss (Doc. 6) is hereby **GRANTED** without prejudice; Green is granted leave to amend her complaint within 14 days of this order.

**IT IS SO ORDERED**.

Dated this 9th day of March, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[16] "Even when a violation of the short and plain statement requirement results in a dismissal of the action, ordinarily it will be with leave to replead. Permission to file an amended complaint complying with Rule 8(a)(2) usually is freely given because the federal rules contemplate a decision on the merits rather than a final resolution of the dispute on the basis of technicalities, particularly those relating to pleading." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217, 263-64 (3d ed. 2004).

.